IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED

2006 AUG -9 P 2: 30

DEBRA P. HACKETT, CL...
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| GREAT SOUTHERN WOOD PRESERVING, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CV: 1:06 cv 708 |
| AMERICAN HOME ASSURANCE COMPANY; AIG; AMERICAN INTERNATIONAL UNDERWRITERS CORPORATION; AMERICAN INTERNATIONAL MARINE AGENCY, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT

COMES NOW, the Plaintiff, Great Southern Wood Preserving, Inc., (hereinafter "GSWP"), by and through its undersigned counsel, and for its Complaint seeking relief, states as follows:

## PARTIES

1.     Plaintiff, GSWP, is a corporation duly incorporated under the laws of the State of Alabama with its principal place of business at 1100 U.S. Highway 431 North, Abbeville, Alabama 36310, Henry County.

2.     Upon information and belief, Defendant, American Home Assurance Company, is a corporation duly incorporated under the laws of the State of New York, with its principal place of business in New York.

3.     Upon information and belief, Defendant, AIG, is a corporation duly incorporated under the laws of the State of New York, with its principal place of business in New York.

4.     Upon information and belief, American International Underwriters Corporation, is a corporation duly incorporated under the laws of the State of New York, with its principal place of business in New York.

5.     Upon information and belief, American International Marine Agency, is a corporation duly incorporated under the laws of the State of New York, with its principal place of business in New York.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction pursuant to Section 28 U.S.C. § 1332(A)(1), the diversity statute.

7.     That the amount in controversy between Plaintiff and Defendants, at the time of filing the Complaint, exceeds $75,000.00, exclusive of interest and costs.

8.     Venue lies within the Southern Division of Alabama as this cause arises out of a policy of insurance delivered by Defendants to the Plaintiff, at its principal place of business, 1100 U.S. Highway 431 North, Abbeville, Alabama 36310.

## FACTUAL ALLEGATIONS

9.     On or about June 6, 2005, said Defendants issued GSWP a Marine Open Cargo Policy, No. 88590C. *(A true and correct copy of said policy is attached hereto as Exhibit 1).*

10.    The Policy granted continuous coverage, which attached to and covered all insured goods and/or merchandise shipped on and after June 2, 2005.

11.    The Plaintiff bargained for, and the Policy covered, among other things, lawful goods and/or merchandise suitably packed for export consisting principally of Unfurnished Lumber and similar merchandise usual and incidental to the business of the Plaintiff.

2

12.    Said Policy specifically covered loss of the goods, principally Unfurnished Lumber, resulting from hurricanes and floods.

13.    The Policy further covered the goods ". . . whilst the goods are in transit and/or awaiting transit until delivered to the final warehouse at the destination named in the policy or until the expiry of 15 days (or 30 days, if the destination to which the goods are insured is outside the limits of the port) whichever shall first occur." *(Paragraph 19 of Policy of Insurance).*

14.    On or about August 29, 2005, Hurricane Katrina made landfall at or near various areas of the Southern Gulf Coast, including Gulfport, Mississippi.

15.    At the time Hurricane Katrina made landfall, Plaintiff had Unfurnished Lumber, which had been shipped upon various Gearbulk vessels, at the West Pier in the Port of Gulfport in Gulfport, Mississippi.

16.    As a result of Hurricane Katrina, the Plaintiff's Unfurnished Lumber located at said port was damaged and/or destroyed.

17.    Plaintiff promptly and timely notified Defendants of its claim concerning said damaged and/or destroyed lumber and thereafter provided any and all documents requested by Defendants.

18.    Plaintiff's notice of claim and proof of loss included, but was not limited to, that Unfurnished Lumber delivered by the following vessels with their respective bill of lading numbers, bill of lading date, and arrival date:

| | Vessel | B/L No. | B/L Date | Arrival Date |
|---|---|---|---|---|
| A. | Kestrel Arrow (v. 45) | GBULKEA045PGA32B | 7/12/05 | 8/5/05 |
| B. | Kestrel Arrow (v. 45) | GBULKEA045PGA33B | 7/12/05 | 8/5/05 |
| C. | Sanko Stream (v. 19) | SSR019CMP106 | 7/27/05 | 8/25/05 |
| D. | Sanko Stream (v. 19) | GBULSSR019PGA20B | 8/5/05 | 8/25/05 |

3

19.    The value of the Unfurnished Lumber on these vessels exceeded $750,000.00.

20.    On or about July 7, 2006, Defendants wrongfully denied, without a reasonable or debatable reason, coverage for said described losses.  In fact, even on the face of Defendants' denial letter, there is clearly coverage provided by the subject policy for said losses.

## COUNT ONE

### (Breach of Contract)

21.    Plaintiff adopts and incorporates by reference all allegations contained in paragraphs 1-20.

22.    A policy of insurance existed between Plaintiff and Defendants described herein (policy number 88590C) and was in effect when Plaintiff's property was damaged by Hurricane Katrina.  Thereafter, Plaintiff duly notified Defendants of its loss pursuant to the terms of the contract.

23.    Defendants breached Plaintiff's contract of insurance by refusing to adequately investigate and to pay a valid claim.

24.    Defendants' breach resulted in damages to Plaintiff, including, but not limited to:

a.    the loss of value of said lumber,

b.    the loss of value of all premiums paid to said Defendants, and

c.    the loss of the time value of money for said premiums.

WHEREFORE, Plaintiff demands judgment against Defendants for those damages described above in an amount to be determined by a jury.

4

## COUNT TWO

### (Bad Faith)

25.    Plaintiff adopts and incorporates by reference all allegations contained in paragraphs 1-24 herein.

26.    Plaintiff avers that at all times relevant to this action, there existed an insurance contract between Plaintiff and Defendants.

27.    Plaintiff avers that by the terms of the contract, the Defendants were obligated to pay Plaintiff's claims resulting from hurricane damage sustained to Plaintiff's insured goods, specifically to the Unfurnished Lumber at Gulfport, Mississippi.

28.    Plaintiff avers that Defendants intentionally refused to pay its claim and no valid reason existed to refuse to pay and/or to determine whether there existed a legitimate or arguable reason to refuse Plaintiff's claim.

29.    Plaintiff avers that Defendants refused to pay its claim without any reasonably legitimate, arguable, or debatable reasons for that refusal to pay.

30.    In addition, Plaintiff avers the Defendants falsely created their own alleged, debatable reason(s) for denying Plaintiff's claim and said reasons are not provided for within the four corners of the insurance contract.

31.    Plaintiff avers that Defendants are guilty of bad faith in refusing to provide coverage.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory and punitive damages plus costs in an amount to be determined by a jury.

Respectfully Submitted,

Kenneth A. Dowdy (DOW015)
Leslie A. Caldwell (CAL047)
Lusk Lusk Dowdy & Caldwell, P.C.
2101 Highland Avenue
Suite 410
Birmingham, Alabama 35205
(205) 933-7090
(205) 933-7099 (fax)
kad@lusklaw.com
lac@lusklaw.com

## JURY DEMAND

## PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY

## SERVE DEFENDANTS BY CERTIFIED MAIL AT:

American Home Assurance Company
CSC Lawyers, Inc.
150 South Perry Street
Montgomery, Alabama 36104

AIG
CSC Lawyers, Inc.
150 South Perry Street
Montgomery, Alabama 36104

American International Underwriters Corporation
CSC Lawyers, Inc.
150 South Perry Street
Montgomery, Alabama 36104

American International Marine Agency
CSC Lawyers, Inc.
150 South Perry Street
Montgomery, Alabama 36104

6

# MARINE OPEN CARGO POLICY NO. 88590C

## of the

# AMERICAN HOME ASSURANCE COMPANY
## (A CAPITAL STOCK INSURANCE COMPANY)
### 70 PINE STREET, NEW YORK, N. Y. 10270

## ISSUED TO
### GREAT SOUTHERN WOOD PRESERVING, INC., ET AL
### U.S. HIGHWAY 431 NORTH
### ABBEVILLE, ALABAMA 36310

### NOTICE - PLEASE READ YOUR ENTIRE POLICY.

1. This Policy covers automatically on all shipments which come within its scope. It is important that all such shipments be reported as soon as known and the valuation thereof declared as soon as ascertained.

2. Your attention is called to the basis of insured value as set forth in the Valuation Clause, (Clause number 10). The insured value should always be in accordance with the basis specified therein unless otherwise agreed with the Company prior to shipment.

3. Any damage to the goods should be noted on the receipt given to the carrier if possible; and in any event as soon as it is known that the shipment has sustained loss or damage, written claim should be filed with the carrier. Such steps may be necessary to preserve your rights and the Company's rights of subrogation against the carrier.

4. In the event of any known or reported loss or damage you should promptly notify the Company, or the office of the American International Marine Agency that issued this policy, to protect the interests of all concerned. If no such party is available, then prompt notice should be given to the nearest Correspondent of the American Institute of Marine Underwriters or to the nearest accredited representative of Lloyd's, London.

Exhibit 1

SCANNED
8/10/06 BL

Endorsement No.                    1

Name of Assured          Great Southern Wood Preserving, Inc., et al

Attached to and forming part of Marine Open Cargo Policy
No. ____ 88590C ____ of the__American Home Assurance Company

## ANNUAL MARINE MINIMUM & DEPOSIT PREMIUM

In consideration of the issuance of this policy from June 2, 2005 through July 31, 2005, an Annual Marine Minimum & Deposit Premium of $26,250.00 ($22,167.00 Marine, $4,083.00 War) shall be payable on June 2, 2005.

The Assured agrees to report all shipments covered under this policy on an annual basis and the Assurer to calculate premium thereon at the rates indicated in the rate schedule. When the premium so earned exceeds the minimum premium charged any additional premium shall be due and payable to these Assurers.

No portion of the above premium is refundable in the event of cancellation, either by the Assured or the Assurer.

All other terms and conditions remaining unchanged.

Dated: June 6, 2005                      By:_____
                                              Authorized Representative
                                    American International Marine Agency

Endorsement No. _____2_____

Name of Assured _____Great Southern Wood Preserving, Inc., et al_____

Attached to and forming part of Marine Open Cargo Policy
No. ____88590C____ of the_ American Home Assurance Company_____

Effective June 2, 2005, it is hereby understood and agreed the following is added to this policy:

**AIMU**
**EXTENDED RADIOACTIVE CONTAMINATION EXCLUSION CLAUSE WITH U.S.A. ENDORSEMENT**
**(March 1, 2003)**

**This clause shall be paramount and shall override anything contained in this insurance inconsistent therewith.**

1.  In no case shall this insurance cover loss damage liability or expense directly or indirectly caused by or contributed to by or arising from:

    1.1    ionizing radiations from or contamination by radioactivity from any nuclear fuel or from any nuclear waste or from the combustion of nuclear fuel.

    1.2    the radioactive, toxic, explosive or other hazardous or contaminating properties of any nuclear installation, reactor or other nuclear assembly or nuclear component thereof.

    1.3    any weapon or device employing atomic or nuclear fission and/or fusion or other like reaction or radioactive force or matter.

    1.4    the radioactive, toxic, explosive or other hazardous or contaminating properties of any radioactive matter.  The exclusion in this sub-clause does not extend to radioactive isotopes, other than nuclear fuel, when such isotopes are being prepared, carried, stored, or used for commercial, agricultural, medical, scientific or other similar peaceful purposes.


**RADIOACTIVE CONTAMINATION EXCLUSION CLAUSE (U.S.A. ENDORSEMENT)**

This insurance is subject to the Extended Radioactive Contamination Exclusion Clause (March 1, 2003) provided that:

    if fire is an insured peril

    and

    where the subject matter insured or, in the case of a reinsurance, the subject matter insured by the original insurance, is within the U.S.A., its islands, onshore territories or possessions

    and

    a fire arises directly or indirectly from one or more of the causes detailed in Sub-Clauses 1.1, 1.2, and 1.4 of the Extended Radioactive Contamination Exclusion Clause March 1, 2003 any loss or damage arising directly from that fire shall, subject to the provisions of this insurance (reinsurance), be covered, EXCLUDING however any loss damage liability or expense caused by nuclear reaction, nuclear radiation, or radioactive contamination arising directly or indirectly from that fire.

All other terms and conditions remaining unchanged.

Dated: June 6, 2005                              By:_____

                                                               Authorized Representative
                                                   American International Marine Agency

Endorsement No. _____3_____

Name of Assured _____Great Southern Wood Preserving, Inc., et al_____

Attached to and forming part of Marine Open Cargo Policy
No. _____88590C_____ of the _American Home Assurance Company_____

Effective June 2, 2005, it is hereby understood and agreed the following is added to this policy:

**AIMU**
**CHEMICAL, BIOLOGICAL, BIO-CHEMICAL, AND ELECTROMAGNETIC EXCLUSION**
**CLAUSE**
**(March 1, 2003)**

**This clause shall be paramount and shall override anything contained in this insurance inconsistent therewith.**

In no case shall this insurance cover loss, damage, liability or expense directly or indirectly caused by or contributed to or arising from an actual or threatened act involving a chemical, biological, bio-chemical or electromagnetic weapon, device, agent or material when used in an intentionally hostile manner.

**AIMU U.S. ECONOMIC AND TRADE SANCTIONS CLAUSE**

Whenever coverage provided by this policy would be in violation of any U.S. economic or trade sanctions such as, but not limited to, those sanctions administered and enforced by the U.S. Treasury Department's Office of Foreign Assets Control ("OFAC"), such coverage shall be null and void.

Similarly, any coverage relating to or referred to in any certificates or other evidences of insurance or any claim that would be in violation of U.S. economic or trade sanctions as described above shall also be null and void.

All other terms and conditions remaining unchanged.

Dated: June 6, 2005                          By: _George J. Kistin_____
                                                  Authorized Representative
                                             American International Marine Agency

# MARINE OPEN CARGO POLICY INDEX

| Clause | Page # |
|---|---|
| ACCUMULATION (12) | 5 |
| ADDITIONAL TERMS & CONDITIONS, IF ANY (18) | 7 |
| ASSIGNMENT VOID (48) | 15 |
| ASSURED (1) | 3 |
| ATTACHMENT AND CANCELLATION (2) | 3 |
| AVERAGE TERMS AND CONDITIONS (17) | 6 |
| BILL OF LADING, ETC. (25) | 10 |
| BOTH TO BLAME CLAUSE (24) | 10 |
| BROKER AS AGENT FOR ASSURED (40) | 13 |
| CARRIER CLAUSE (9) | 4 |
| CERTIFICATE AUTHORITY (38) | 12 |
| CONSTRUCTIVE TOTAL LOSS CLAUSE (35) | 12 |
| CONVEYANCES (7) | 4 |
| CRAFT CLAUSE (8) | 4 |
| DECLARATIONS (37) | 12 |
| DELAY CLAUSE (52c) | 17 |
| DELIBERATE DAMAGE/POLLUTION HAZARD CLAUSE (30) | 11 |
| DEVIATION CLAUSE (6) | 4 |
| ERRORS AND OMISSIONS (39) | 13 |
| EXPLOSION CLAUSE (29) | 11 |
| FREE OF CAPTURE AND SEIZURE WARRANTY (F.C.& S.) (52a) | 16 |
| FREE OF PARTICULAR AVERAGE (15) | 6 |
| GENERAL AVERAGE CLAUSE (33) | 11 |
| GENERAL AVERAGE CONTRIBUTORY CLAUSE (34) | 11 |
| GEOGRAPHIC LIMITS (5) | 4 |
| GOODS INSURED (3) | 3 |
| GOVERNING LAW (53) | 17 |
| GROUNDING CLAUSE (31) | 11 |
| ILLICIT TRADE (4) | 4 |
| IMPORT DUTY (51) | 15 |
| INCHMAREE CLAUSE (32) | 11 |
| LABELS CLAUSE (28) | 10 |
| LANDING. WAREHOUSING & | |
| FORWARDING CHARGES (22) | 9 |
| LIMIT OF LIABILITY (11) | 5 |
| LOADING OF GRAIN, PETROLEUM AND HEAVY CARGOES (26) | 10 |
| MACHINERY CLAUSE (27) | 10 |
| MARINE EXTENSION CLAUSE (20) | 8 |
| NORMAL LOSS (43) | 13 |
| NOTICE OF LOSS (41) | 13 |
| NUCLEAR EXCLUSION CLAUSE - CARGO - (4/1/91) (52d) | 17 |
| OTHER INSURANCE (50) | 15 |
| PARAMOUNT WARRANTIES (52) | 16 |
| PARTIAL LOSS (44) | 14 |
| PAYMENT OF LOSS (45) | 14 |
| PERILS WATERBORNE (14) | 6 |
| PREMIUM PAYMENTS (36) | 12 |
| PROOFS OF LOSS (42) | 13 |
| PROVISIONS REQUIRED BY LAW TO BE STATED IN THIS POLICY (54) | 17 |
| RETURNED SHIPMENTS (23) | 9 |
| SCHEDULE OF RATES | 18 |
| SHORE CLAUSE (16) | 6 |
| SOUTH AMERICAN CLAUSE (21) | 9 |
| STRIKES, RIOTS & CIVIL COMMOTIONS ENDORSEMENT - (02/21/03) TRIA FORM | 19 |
| STRIKES. RIOTS AND CIVIL COMMOTIONS WARRANTY (S.R. & C.C.) (52b) | 16 |
| SUBROGATION AND IMPAIRMENT OF SUBROGATION (49) | 15 |
| SUE AND LABOR CLAUSE (46) | 14 |
| TIME FOR SUIT (47) | 14 |
| VALUATION (10) | 5 |
| VALUE AT RISK (13) | 5 |
| WAR RISK ONLY OPEN POLICY (CARGO) - (12/2/93) | 20 |
| WAREHOUSE TO WAREHOUSE (19) | 8 |

Rev. 03/02

## 1) ASSURED

**THE AMERICAN HOME ASSURANCE COMPANY** (hereinafter referred to as the Company or as the ASSURERS) in consideration of premiums to be paid at the rates set forth herein, or as may be endorsed hereon, does insure **GREAT SOUTHERN WOOD PRESERVING, INC., ET AL, U.S. HIGHWAY 431 NORTH, ABBEVILLE, ALABAMA 36310** (hereinafter referred to as the ASSURED) subject to all the terms, conditions, exceptions and warranties hereinafter set forth.

## 2) ATTACHMENT AND CANCELLATION

This Policy and the coverage granted hereunder to be deemed continuous and to attach and cover in respect of all insured goods and/or merchandise shipped on and after **JUNE 2, 2005** and will continue in force until cancelled by either party giving the other, or its agent, thirty (30) days written notice, or unless otherwise mutually agreed upon or otherwise provided for herein, or unless otherwise voided by reason of breach of warranty, misrepresentation or concealment.

Notwithstanding anything herein to the contrary, the Company may effect immediate cancellation of this Policy by giving written notice thereof at any time when any premium has been due and unpaid for a period of thirty (30) days.

However, such cancellation(s), shall not affect any risks which are in due course of transit and which have attached prior to such notice of cancellation.

## 3) GOODS INSURED

Upon lawful goods and/or merchandise suitably packed for export, consisting principally of **UNFURNISHED LUMBER** and similar merchandise usual and incidental to the business of the ASSURED, shipped under deck and/or on deck by the ASSURED, (a) being the property of the ASSURED, or that of others in which the ASSURED may have an insurable interest, or for which the ASSURED may hold or receive instructions to effect insurance, provided such instructions be given in writing prior to shipment, and before any known or reported loss or accident; and/or (b) consigned to the ASSURED, or to others for the account or control of the ASSURED, being the property of the ASSURED or that of others in which the ASSURED may have an insurable interest or for which the ASSURED may hold or receive instructions to effect insurance, provided such instructions be given in writing prior to shipment, and before any known or reported loss or accident; but excluding shipments sold by the ASSURED on F.O.B., F.A.S., Cost and Freight, or similar terms whereby the ASSURED is not obligated to furnish marine insurance and also excluding such shipments as are bought by the ASSURED on C.I.F. terms, or other terms which include marine insurance.

Rev. 03/02

## 4) ILLICIT TRADE

Warranted free from any charge, expense, damage or loss which may arise in consequence of a seizure or detention, for, or on account of any illicit or prohibited trade, or any trade in articles contraband of war, or in the violation of any port rule or regulation.

## 5) GEOGRAPHIC LIMITS

At and from ports and/or places in **THE WORLD** to ports and/or places in **THE WORLD** direct or via other ports and/or places, with privilege of transshipment by land and/or water, but excluding shipments to or from Nigeria, Cuba, Iraq and North Korea (and/or to or from those countries which the Government of the United States currently forbids trade, if different from the above), also excluding Inland Transit worldwide.

## 6) DEVIATION CLAUSE

This insurance shall not be vitiated by any unintentional error in description of vessel, voyage or interest, or by deviation, overcarriage, change of voyage, transshipment or any other interruption of the ordinary course of transit, from causes beyond the control of the ASSURED. It is agreed however, that any such error, deviation or other occurrence mentioned above shall be reported to this Company as soon as known to the ASSURED, and additional premium paid if required.

## 7) CONVEYANCES

(a) Per Iron and/or Steel Steamer or Steamers and/or Iron and/or Steel Vessel or Vessels propelled by power (excluding sailing vessels, with or without auxiliary power, except as connecting conveyances) and connecting conveyances;
(b) By aircraft and connecting conveyances;
(c) By approved iron and/or steel barge, other than as a connecting conveyance;
(d) By truck, trailer or rail car, other than as connecting conveyances.

## 8) CRAFT CLAUSE

This insurance also to cover during any special or supplementary lighterage provided written notice be given the ASSURERS in all such cases when such facts are known to the ASSURED and additional premium to be paid if and as required, with each craft and/or lighter to be deemed a separate insurance. This insurance shall not be prejudiced by any agreement exempting lightermen from liability.

## 9) CARRIER CLAUSE

Warranted that this insurance shall not inure, directly or indirectly, to the benefit of any carrier or bailee.

## 10)   VALUATION

Valued at amount of invoice, including all charges included in the invoice and including prepaid or advance freight and/or freight payable "vessel lost or not lost", not included in the charges included in the invoice, plus **10** %. Foreign currency is to be converted into United States currency at Banker's sight rate of exchange on the date of issuance of each invoice and/or credit and/or draft.

## 11)   LIMIT OF LIABILITY

This insurance shall not attach or cover and these Assurers shall not be liable for more than **$2,500,000.** by any one conveyance or, in any one place or, at any one time or, in any one disaster or accident or; as specified in the following sub-limits, or unless otherwise specified elsewhere herein.

(a) **$250,000.** for On Deck shipments, when subject to an On Deck Bill of Lading;
(b) **$Not Covered** by any one aircraft (except when used as a connecting conveyance) ;
(c) **$Not Covered** by any one truck, trailer or rail car (except when used as a connecting conveyance);
(d) **$Not Covered** by any one approved iron and/or steel barge (except when used as a connecting conveyance), nor for more than **$Not Covered** in any one tow.
(e) **$    5,000.** for any one package shipped by mail or parcel post.

## 12)   ACCUMULATION

Should there be an accumulation of shipments in respect of which the insured value exceeds the limits expressed in this Policy by reason of an interruption of transit, or by reason of a casualty, or at a transshipping point, or on a connecting conveyance, the ASSURERS shall hold covered such excess amount and shall be liable for the full amount at risk (but in no event for more then double the applicable limit of liability) provided such accumulation is beyond the control of the Assured and provided written notice be given to the ASSURERS in all such cases as soon as the fact becomes known to the ASSURED.

## 13)   VALUE AT RISK

In the event that the total value at risk exceeds the applicable Limit of Liability set forth herein, these Assurers shall nevertheless be entitled to receive premium on the full value at risk. The acceptance of such premiums by the Assurer shall in no way alter or increase the applicable Limits of Liability, but the Assurer shall be liable for the full amount of loss up to, but not exceeding such Limit of Liability. In the event of loss which exceeds the applicable Limit of Liability, any deductible will be subtracted from the applicable Limit of Liability and not from the full amount of loss.

Rev. 03/02

### 14)   PERILS WATERBORNE

Touching the adventures and perils which the ASSURERS are contented to bear and take upon themselves while the goods and/or merchandise are waterborne (notwithstanding any extension of coverage provided under this Policy, unless otherwise specifically agreed) they are of the Seas, Fires, Assailing Thieves, Jettisons, Barratry of the Master and Mariners, and all other like perils losses and misfortunes that have or shall come to the hurt, detriment or damage of the said goods or any part thereof, except as may be otherwise specifically provided for herein or endorsed hereon.

NOTE: For perils insured against while the goods are on docks, wharves or elsewhere on shore and/or during land transportation within the coverage of this Policy, see Clause 16.

### 15)   FREE OF PARTICULAR AVERAGE

Warranted free from Particular Average unless the Vessel or craft be stranded, sunk, or burnt, but notwithstanding this warranty these ASSURERS are to pay any loss of or damage to the interest insured which may reasonably be attributed to fire, collision or contact of the vessel and/or craft and/or conveyance with any external substance (ice included) other than water, or to discharge of cargo at port of distress. The foregoing warranty, however, shall not apply where broader terms of Average are provided for hereon or in the certificate or policy to which these clauses are attached.

### 16)   SHORE CLAUSE

Unless broader terms and conditions have been provided for in Clause 17 or elsewhere herein; where this insurance by its terms covers while on docks, wharves, or elsewhere on shore, and/or during land transportation, it shall include the risks of collision, derailment, overturning or other accident to the conveyance, fire, lightning, sprinkler leakage, cyclones, hurricanes, earthquakes, floods (meaning the rising of navigable waters) and/or collapse or subsidence of docks or wharves, even though the insurance be otherwise Free of Particular Average.

### 17)   AVERAGE TERMS AND CONDITIONS

**(a) SHIPMENTS UNDER DECK**. Except while on deck of the ocean vessel and subject to an On Deck Bill of Lading, shipments of **UNFURNISHED LUMBER**, suitably packed for export, are insured, against All Risks of physical loss or damage from any external cause, irrespective of percentage, but excluding those risks excepted by the Free of Capture and Seizure Warranty and the Strikes, Riots, and Civil Commotions Warranty contained herein, unless such risks are specifically assumed hereunder by endorsement.

**(b) SHIPMENTS ON DECK.**   Shipments of **UNFURNISHED LUMBER**, suitably packed for export, which are shipped on deck subject to an On Deck Bill of Lading are insured, Warranted free from Particular Average unless caused by the stranding, sinking, burning and/or collision of the vessel: but to pay the insured value of any merchandise and/or goods jettisoned and/or washed overboard, irrespective of percentage. Notwithstanding the foregoing, merchandise and/or goods shipped on deck subject to an Under Deck bill of lading, without the knowledge and consent of the Assured, shall be treated as under deck cargo and insured as per Clause 17 (a) above.

Rev. 03/02

Notwithstanding the above, all insured goods shipped in fully enclosed containers which are stowed on deck, are insured subject to the provisions of this policy applying to under deck shipments, provided such goods are subject to an Under Deck or an optional Under Deck/On Deck Bill of Lading.

(c) **SHIPMENTS BY AIRCRAFT.** Shipments of **NOT COVERED** by aircraft, suitably packed for export, are insured against All Risks of physical loss or damage from any external cause, irrespective of percentage, but excluding those risks excepted by the Free of Capture and Seizure Warranty and the Strikes, Riots, and Civil Commotions Warranty contained herein, unless such risks are specifically assumed hereunder by endorsement. Also warranted free of claim for loss or damage due to changes in atmospheric pressure and/or temperature. Whenever the words "ship", "vessel", "seaworthiness", "ship owner", or "vessel owner" appear in this Policy (except in Clause 7 "Conveyance" and Clause 11 "Limit of Liability"), they are deemed to include also the words "aircraft", "air worthiness" or "aircraft owner".

(d) **SHIPMENTS BY BARGE.** Shipments of **NOT COVERED** via approved iron and/or steel Barge (other than as a connecting conveyance), suitably packed for export, are insured Warranted free from Particular Average unless caused by the vessel and/or interest insured being stranded sunk, burnt, on fire or in collision with another ship or vessel or with ice or with any substance other than water, but liable for jettison and/or washing overboard irrespective of percentage.

(e) **SHIPMENTS BY MAIL.** Shipments of **UNFURNISHED LUMBER** by mail or parcel post, suitably packed for export, while in the custody of postal authorities, are insured against All Risks of physical loss or damage from any external cause, irrespective of percentage, but excluding those risks excepted by the Free of Capture and Seizure Warranty and the Strikes, Riots, and Civil Commotions Warranty contained herein, unless such risks are specifically assumed hereunder by endorsement.

It is understood and agreed that a certificate of mailing will be secured from the Postal Authorities for each package shipped by ordinary mail or parcel post if possible. Shipments are to be made in accordance with United States Postal Service rules or regulations, or in accordance with the rules and regulations of the postal authorities of the country where mailed, if such mailing occurs outside the United States. When permitted, mail shipments are to be sent by Government insured parcel post or, if this is not possible, by registered parcel post if permissible. The ASSURED agrees that each package shipped by Government insured parcel post will be insured with the Government for the maximum amount of insurance allowed by the Government.

18)  **ADDITIONAL TERMS & CONDITIONS, IF ANY**
**DEDUCTIBLE:**
**EACH CLAIM SHALL BE SUBJECT TO A DEDUCTIBLE OF $10,000.00 ANY ONE ACCIDENT OR OCCURRENCE EXCLUDING GENERAL AVERAGE AND SALVAGE CHARGES.**

Rev. 03/02

## 19)   WAREHOUSE TO WAREHOUSE

This insurance attaches from the time the goods leave the Warehouse and/or Store at the place named in the Declaration and/or Certificate for the commencement of the transit and continues during the ordinary course of transit, including customary transshipment, if any, until the goods are discharged overside from the overseas vessel at the final port. Thereafter the insurance continues whilst the goods are in transit and/or awaiting transit until delivered to the final warehouse at the destination named in the policy or until the expiry of 15 days (or 30 days, if the destination to which the goods are insured is outside the limits of the port) whichever shall first occur. The time limits referred to above to be reckoned from midnight of the day on which the discharge overside of the goods hereby insured from the overseas vessel is completed. Held covered at a premium to be agreed in the event of transshipment, if any, other than as above and/or in the event of delay in excess of the above time limits arising from circumstances beyond the control of the ASSURED.

It is necessary for the ASSURED to give prompt notice to these ASSURERS when they become aware of an event for which they are "held covered" under this Policy and the right to such cover is dependent on the compliance with this obligation.

## 20)   MARINE EXTENSION CLAUSE

I. This insurance attaches from the time the goods leave the Warehouse at the place named in the Policy, Certificate or Declaration for the commencement of the transit and continues until the goods are delivered to the final Warehouse at the destination named in the Policy, Certificate or Declaration, or a substituted destination as provided in Clause III hereunder.

II. This insurance specially to cover the goods during deviation, delay, forced discharge, re-shipment, transshipment and any other variation of the adventure arising from the exercise of a liberty granted to the shipowner or charterer under the contract of affreightment

III. In the event of the exercise of any liberty granted to the shipowner or charterer under the contract of affreightment whereby such contract is terminated at a port or place other than the original insured destination, the insurance continues until the goods are sold and delivered at such port or place; or, if the goods be not sold but are forwarded to the original insured destination or to any other destination this insurance continues until the goods have arrived at final warehouse as provided in Clause I.

IV. If while this insurance is still in force and before the expiry of 15 days from midnight of the day on which the discharge overside of the goods hereby insured from the overseas vessel at the final port of discharge is completed, the goods are re-sold (not being a sale within the terms of Clause III) and are to be forwarded to a destination other than that covered by this insurance, the goods are covered hereunder while deposited at such port of discharge until again in transit or until the expiry of the aforementioned 15 days whichever shall first occur. If a sale is effected after the expiry of the aforementioned 15 days while this insurance is still in force the protection afforded hereunder shall cease as from the time of the sale.

V. Held covered at a premium to be arranged in case of change of voyage or of any omission or error in the description of the interest, vessel or voyage.

Rev. 03/02

VI. This insurance shall in no case be deemed to extend to cover loss damage or expense proximately caused by delay or inherent vice or nature of the subject matter insured.

VII. It is a condition of this insurance that there shall be no interruption or suspension of transit unless due to circumstances beyond the control of the ASSURED.

None of the foregoing subdivisions of this Clause 20 shall be construed as in any way enlarging any of the other terms and conditions of this Policy (except in so far as any of the provisions of Clause 19. of this Policy are inconsistent herewith), it being particularly understood and agreed that the F.C.& S. Warranty remains in full force and effect and that nothing in the foregoing shall be construed as extending this insurance to cover any risks of war or consequences of hostilities.

## 21)    SOUTH AMERICAN CLAUSE

Notwithstanding anything contained elsewhere herein to the contrary (particularly the Marine Extension Clause and the Warehouse to Warehouse Clause) the insurance provided hereunder for all shipments to South America shall continue to cover for sixty (60) days [ninety (90) days on shipments via the Magdalena River] after completion of discharge of the overseas vessel at port of destination or until the goods are delivered to the final Warehouse at destination, whichever may first occur, and shall then terminate.

The time limit above to be reckoned from midnight of the day on which the discharge of the insured goods from the overseas vessel is completed.

## 22)    LANDING, WAREHOUSING & FORWARDING CHARGES

Notwithstanding any Average warranty contained herein, these ASSURERS agree to pay any landing, warehousing, forwarding or special charges when they are incurred by reason of a peril insured against. Also to pay the insured value of any package or packages which may be totally lost in loading, transshipment or discharge.

## 23)    RETURNED SHIPMENTS

In the event of refusal or inability of the ASSURED, or the consignee at the destination named in the policy, certificate or declaration, to accept delivery of goods and/or merchandise which have been insured by this Policy, then this Policy is extended to cover such goods and/or merchandise when reshipped in its original packing to the original point of origin. It being understood and agreed that notice must be given to the ASSURER by the ASSURED as soon as refusal of acceptance is known to them, and prior to any further movement of the said goods and/or merchandise to any destination other than that named in the policy, certificate or declaration. Such goods and/or merchandise being held covered at rates, terms and conditions to be agreed.

Rev. 03/02

### 24)  BOTH TO BLAME CLAUSE

Where goods are shipped under a Bill of Lading containing the so-called "Both to Blame Collision" Clause, these ASSURERS agree as to all losses covered by this insurance, to indemnify the ASSURED for this Policy's proportion of any amount (not exceeding the amount insured) which the ASSURED may be legally bound to pay to the shipowners under such clause. In the event that such liability is asserted, the ASSURED agrees to notify these ASSURERS who shall have the right at their own cost and expense to defend the ASSURED against such claim.

### 25)  BILL OF LADING ETC., CLAUSE

The ASSURED is not to be prejudiced by the presence of the negligence clause and/or latent defect clause in the Bill of Lading and/or Charter Party. The seaworthiness of the vessel as between the ASSURED and these ASSURERS is hereby admitted and the wrongful act or misconduct of the shipowner or his servants causing a loss is not to defeat the recovery by an innocent ASSURED if the loss in the absence of such wrongful act or misconduct would have been a loss recoverable on the Policy. With leave to sail with or without pilots, and to tow and assist vessels or craft in all situations, and to be towed.

### 26)  LOADING OF GRAIN, PETROLEUM AND HEAVY CARGOES

Warranted by the ASSURED that vessels to be loaded with Grain, Petroleum and/or heavy cargoes shall be loaded under the inspection of a surveyor appointed or approved by the Company for that purpose and his certificate as to proper loading and seaworthiness must be obtained before the sailing of such vessels or the insurance under this Policy in respect of such cargo to be void.

### 27)  MACHINERY CLAUSE

When the property insured under this Policy includes a machine, article, interest or set consisting when complete for sale or use of several parts, then in case of loss or damage covered by this insurance to any part of such machine, article, interest or set, these ASSURERS shall be liable only for the proportion of the insured value of the part lost or damaged, or at the ASSURED'S option, for the cost and expense, including labor and forwarding charges, of replacing or repairing the lost or damaged part; but in no event shall these ASSURERS be liable for more than the insured value of the complete machine, article, interest or set.

### 28)  LABELS CLAUSE

In case of damage affecting labels, capsules or wrappers, these ASSURERS, if liable therefor under the terms of this Policy, shall not be liable for more than an amount sufficient to pay the cost of new labels, capsules or wrappers, and the cost of reconditioning the goods, but in no event shall these ASSURERS be liable for more than the insured value of the damaged merchandise.

## 29)  EXPLOSION CLAUSE

Including the risk of explosion, howsoever or wheresoever occurring during the currency of this insurance unless excluded by the F.C. & S. Warranty or the S.R. & C.C. Warranty set forth herein or unless proximately caused by the inherent vice or nature of the subject matter insured or by the personal negligence or act of the ASSURED.

## 30)  DELIBERATE DAMAGE/POLLUTION HAZARD CLAUSE

This Policy is extended to cover, but only while the property insured is on board a waterborne conveyance, loss of or damage to said property directly caused by governmental authorities acting for the public welfare to prevent or mitigate a pollution hazard or threat thereof, provided that the accident or occurrence creating the situation which required such governmental action would have resulted in a recoverable claim under this Policy (subject to all its terms, conditions and warranties) if the property insured would have sustained physical loss or damage as a direct result of such accident or occurrence. This agreement shall not increase the Limits of Liability provided for in this Policy.

## 31)  GROUNDING CLAUSE

Grounding in canals, harbors, or tidal rivers not to be deemed a stranding within the meaning of this Policy or any amendment thereof; but the ASSURERS to pay for any loss or damage to the goods or merchandise which may be proved to have resulted directly therefrom and which would be recoverable under the terms of this Policy if caused by stranding.

## 32)  INCHMAREE CLAUSE

This insurance is also specially to cover any loss of or damage to the interest insured hereunder, through the bursting of boilers, breakage of shafts or through any latent defect in the machinery, hull or appurtenances, or from faults or errors in the navigation and/or management of the vessel by the master, mariners, mates, engineers or pilots.

## 33)  GENERAL AVERAGE CLAUSE

General Average and Salvage Charges payable according to United States laws and usage and/or as per Foreign Statements and/or as per York-Antwerp Rules (as prescribed in whole or in part) if in accordance with the Contract of Affreightment.

## 34)  GENERAL AVERAGE CONTRIBUTORY CLAUSE

The Company shall be liable for only such proportion of General Average and Salvage Charges as the sum hereby insured (less Particular Average for which this Company is liable hereunder, if any) bears to the contributory value of the goods or merchandise insured hereunder.

Rev. 03/02

## 35)  CONSTRUCTIVE TOTAL LOSS CLAUSE

No recovery for a Constructive Total Loss shall be had hereunder unless the property insured is reasonably abandoned on account of its actual total loss appearing to be unavoidable, or because it cannot be preserved from actual total loss without an expenditure which would exceed its insured value when the expenditure had been incurred.

## 36)  PREMIUM PAYMENTS

Premiums at the rates specified in the schedule attached hereto or as otherwise agreed shall be paid in cash and due immediately upon attachment of the risk; and the Company shall be entitled to premium on all shipments covered by the Policy, whether reported or not.

## 37)  DECLARATIONS

The ASSURED by the acceptance of this Policy warrants and agrees to report all shipments in respect of which insurance is provided hereunder to the Company, or the office of the American International Marine Agency which issued this policy as soon as known to the ASSURED, or as soon thereafter as may be practicable. Should the ASSURED willfully fail to report shipments covered by this Policy, then the Policy as to all subsequent shipments shall at the Company's option become null and void. The Company or its agents shall be permitted to examine the books, accounts and records of the ASSURED for the purpose of tabulating and verifying all shipments in respect of which insurance is provided hereunder.

## 38)  CERTIFICATE AUTHORITY

Authority is hereby granted the ASSURED to countersign and issue the form of Certificate of Insurance or Special Marine Policy furnished by the ASSURERS for any or all shipments in respect of which insurance is provided hereunder and in consideration thereof the ASSURED warrants that no Certificate or Special Marine Policy will be issued with terms thereon varying from the conditions of this Policy and/or any written instructions that are or may be given by the ASSURERS and/or the office of the American International Marine Agency that issued this policy.

The ASSURED further warrants and agrees to mail or deliver a full and complete copy of each Certificate or Special Marine Policy issued, on the day of issuance of the Certificate or Special Marine Policy or as soon thereafter as may be practicable, to the Company, or to the office of the American International Marine Agency that issued this policy. If the ASSURED issues a Certificate of Insurance or Special Marine Policy without incorporating the applicable deductible set forth in the policy, if any, the ASSURED agrees to reimburse this Company, for the full amount of any loss that this Company pays under such Certificate of Insurance or Special Marine Policy, including all loss adjustment expenses up to the amount of the deductible. If the ASSURED issues a Certificate of Insurance or Special Marine Policy with terms varying from the conditions of this Policy and/or any written instructions given by the ASSURER or their agents, the ASSURED agrees to reimburse the Company for the full amount of the loss that the Company pays, including loss adjustment expenses caused by such variation under such Certificate of Insurance or Special Marine Policy. The Assured further agrees that all such reimbursements shall be due and payable to the Company, within 60 days of presentation to the Assured.

Rev. 03/02

## 39)  ERRORS AND OMISSIONS

It is agreed that this insurance shall not be prejudiced by any unintentional delay or inadvertent omission in reporting hereunder, or any unintentional error in the description of the interest, vessel or voyage, if prompt notice be given the ASSURERS in all such cases as soon as said delay and/or omission and/or error becomes known to the ASSURED and adjustment of premium be made if and as required.

## 40)  BROKER AS AGENT FOR ASSURED

If the laws of the state in which this policy is issued permit, it is agreed that the Assured's Broker **HILB ROGAL & HOBBS, 425 NORTH MARTINGALE ROAD, SUITE 1100, SCHAUMBURG, ILLINOIS 60173**, who caused this insurance to be written, or any substituted broker, shall be deemed to be and continue to be the Agent of the ASSURED for all purposes in connection with this insurance, including but not limited to, receiving notice of cancellation or for accepting or rejecting any proposed modification or alteration in the terms of this Policy. Any such notice given to the said Agent of any such cancellation, modification or alteration agreed to by the said Agent shall have the same effect as if given to, or agreed to by, the ASSURED. This agency shall continue until written notice of revocation by the ASSURED shall have been received by the ASSURERS, or by the office of the American International Marine Agency that issued this policy.

If the laws of the state in which this policy is issued do not recognize the Broker as Agent for the Assured, then all such notices of cancellation, modification or alteration shall be mailed by the Assurers directly to the last known mailing address of the Assured with copies to the Agent of record.

## 41)  NOTICE OF LOSS

Warranted by the ASSURED that all claims for loss of, or damage to, the goods and/or merchandise insured hereunder shall be promptly reported to the Company or to the office of the American International Marine Agency that issued this policy.

## 42)  PROOFS OF LOSS

Proofs of loss and all bills for expenses must be approved by the Settling Agent of this Company, if there be one at or near the place where the loss occurs or the expenses are incurred or, if there be none in the vicinity, by the Correspondent of the American Institute of Marine Underwriters, or the nearest accredited representative of Lloyd's, London, and such agent or correspondent must be represented on all surveys.

## 43)  NORMAL LOSS

In the event of claim under this insurance for loss of and/or damage to merchandise and/or goods upon which there is a normal or usual loss, it is hereby mutually agreed that the claim shall be adjusted and the insured value of the part or parts lost or damaged shall be arrived at in the adjustment of the claim on the basis of expected outturn, whether or not the deduction of normal loss be provided in this insurance or be a trade custom.

Rev. 03/02

## 44)  PARTIAL LOSS

In all cases of partial loss or damage caused by perils insured against, the loss shall be determined by a separation of the damaged portion of the insured property from the sound portion, and the amount of loss determined by;

a) an agreed estimate (by survey) of the percentage of damage of such damaged portion, in which event the ASSURED will receive such percentage of the insured value of the damaged merchandise; or, if such agreement is not practicable,

b) then such damaged portion shall be sold either at public auction or by private sale (whichever the Company shall deem most advisable) for the account of the owner of the property, in which event the amount of the loss shall be the difference between the net amount so realized by the auction or sale and the insured value of the portion so sold.

## 45)  PAYMENT OF LOSS

In case of loss or other claim, such loss or claim to be paid in funds current in the United States to the ASSURED or order, or to bank, or bankers as their interests may appear, within thirty (30) days after submission to the Company or to its agent of proper proof of loss and proper proof of interest in the goods or merchandise so involved (the amount of premium, if unpaid, and all other indebtedness due the Company by the ASSURED being first deducted). In the event that payment is required in other than United States currency, the rate of exchange shall be that in effect on the date the claim is settled.

## 46)  SUE AND LABOR CLAUSE

In case of any loss or misfortune, it shall be lawful and necessary for the ASSURED, his or their factors, servants and assigns to sue, labor and travel for, in and about the defense, safeguard and recovery of the goods and merchandise insured hereunder, or any part thereof, without prejudice to this insurance, to the charges whereof this Company will contribute according to the rate and quantity of the sum hereby insured; nor shall the acts of the ASSURED or this Company in recovering, saving and preserving the property insured, in case of disaster, be considered a waiver or an acceptance of an abandonment.

## 47)  TIME FOR SUIT

It is a condition precedent to any action, suit or proceeding for the recovery of any claim upon, under, or by virtue of this Policy that such action, suit or proceeding shall be commenced within twelve (12) months next after the date of the accident, disaster or event causing loss of, or damage to, the insured goods or giving rise to a claim for sue and labor expenses or, in case of a claim for General Average contribution, salvage and/or special charges, next after the date of actual payment thereof by the ASSURED. Provided however, that if by the laws of the State or other place within which this Policy or any certificate thereunder is issued or where the action, suit or proceeding is instituted, such limitation is invalid, then any such claim shall become barred and void unless such action, suit or proceeding shall be commenced within the shortest limit of time permitted by the laws of such State or place to be fixed herein for the bringing of such suit, action or proceeding.

## 48)  ASSIGNMENT VOID

Warranted by the ASSURED that the assignment of this Policy or any insurable interest therein or the subrogation of any rights thereunder, if any, to any party without the consent of the Company shall render the insurance affected by such assignment or subrogation void.

## 49)  SUBROGATION AND IMPAIRMENT OF SUBROGATION

It is agreed that upon payment of any loss, the ASSURED shall assign and subrogate to this Company all their rights against carriers, bailees and other third parties to the extent of such payments and shall permit suit to be brought in the ASSURED'S name (but at this Company's expense), and the ASSURED further agrees to render all reasonable assistance in the prosecution of said suit or suits.

It is further a condition of this insurance that if the ASSURED or their assigns have entered or shall enter into any agreement whereby any carrier, bailee or other third party is released from its liability for any loss, and/or waive, compromise, settle or otherwise impair any right of claim against such third party, to which this Company would be subrogated upon payment of a loss; then this Company shall be free from liability with respect to such loss, but premium shall not be affected.

## 50)  OTHER INSURANCE

a) If an interest insured hereunder is covered by other insurance, which attached prior to the coverage provided by this Policy, then this Company shall be liable only for the amount in excess of such prior insurance; and this Company shall return the premium upon so much of the sum by it insured as it shall be exonerated from by such prior insurance.

b) If an interest insured hereunder is covered by other insurance which attached subsequent to the coverage provided by this Policy, then this Company shall nevertheless be liable for the full amount of the insurance, without right to claim contribution from such subsequent insurers, and shall accordingly be entitled to retain the premium it received in the same manner as if no such subsequent insurance had been made.

c) Other insurance upon the property with the same attachment date as the coverage's provided by this Policy, shall be deemed simultaneous, and this Company will be liable only for a ratable contribution to the loss or damage, in proportion to the amount for which this Company would otherwise be liable under this Policy, and will return to the ASSURED an amount of premium proportionate to such reduction of liability.

## 51)  IMPORT DUTY

This insurance also covers subject to policy terms of Average, the risk of partial loss by reason of perils insured against on the duties imposed on goods imported into the United States and/or Canada and insured hereunder, it being understood and agreed, however, that when the risk upon the goods continues beyond the time of landing from the overseas vessel, the increased value, consequent upon the payment of such duties, shall attach as an additional insurance upon the goods from the time such duty is paid or becomes due, to the extent of the amount thereof actually paid or payable.
Any limit of liability expressed in this policy shall be applied separately to such increased value.
The ASSURED warrants that on all risks insured hereunder a separate amount shall be reported

Page 15

sufficient to cover the said duty, upon which the rate of premium shall be an agreed percentage of the merchandise rate.

The ASSURED will, in all cases use reasonable efforts to obtain an abatement or refund of duties paid or claimed in respect of goods lost damaged or destroyed. It is further agreed that the ASSURED shall, when this Company elects, surrender the merchandise to the customs authorities and recover duties thereon as provided by law, in which event the claim under this policy shall be only for a total loss of the merchandise so surrendered and expenses.

This insurance on duty and/or increased value shall terminate at the end of the import movement covered under this policy (including the Warehouse to Warehouse and Marine Extension Clause if incorporated therein), but nothing contained in these clauses shall alter or affect any coverage granted elsewhere in the policy during the storage or transit subsequent thereto.

## 52) PARAMOUNT WARRANTIES

The following Warranties set forth in Clause 52(a - d) shall be paramount and shall not be modified or superseded by any other provision included herein or stamped or endorsed hereon unless such other provision refers specifically to the risks excluded by such Warranties and expressly assumes the said risks.

### 52 (a) FREE OF CAPTURE AND SEIZURE WARRANTY (F.C.& S.)

Notwithstanding anything herein contained to the contrary, this insurance is warranted free from capture, seizure, arrest, restraint, detainment, confiscation, preemption, requisition or nationalization, and the consequences thereof or any attempt thereat, whether in time of peace or war and whether lawful or otherwise; also warranted free, whether in time of peace or war, from all loss, damage or expense caused by any weapon of war employing atomic or nuclear fission and/or fusion or other reaction or radioactive force or matter or by any mine or torpedo, also warranted free from all consequences of hostilities or warlike operations (whether there be a declaration of war or not), but this warranty shall not exclude collision or contact with aircraft, rockets or similar missiles or with any fixed or floating object (other than a mine or torpedo), stranding, heavy weather, fire or explosion unless caused directly (and independently of the nature of the voyage or service which the vessel concerned or, in the case of a collision, any other vessel involved therein is performing) by a hostile act by or against a belligerent power; and for the purposes of this warranty "power" includes any authority maintaining naval, military or air forces in association with a power.

Further warranted free from the consequences of civil war, revolution, rebellion, insurrection, or civil strife arising therefrom, or from the consequences of the imposition of martial law, military or usurped power, or piracy.

### 52 (b) STRIKES, RIOTS AND CIVIL COMMOTIONS WARRANTY (S.R. & C.C.)

Notwithstanding anything herein contained to the contrary, this insurance is warranted free from loss, damage or expense caused by or resulting from:

(1) strikes, lockouts labor disturbances, riots, civil commotions, or the acts of any person or persons taking part in any such occurrences or disorders,

Rev. 03/02

(2) vandalism, sabotage or malicious act, which shall be deemed also to encompass the act or acts of one or more persons whether or not agents of a sovereign power, carried out for political, terroristic or ideological purposes and whether any loss, damage or expense resulting therefrom is accidental or intentional.

## 52 (c) DELAY CLAUSE

Warranted free of claim for loss of market or for loss, damage or deterioration arising from delay, whether caused by a peril insured against or otherwise, unless expressly assumed in writing hereon.

## 52 (d) NUCLEAR EXCLUSION CLAUSE - CARGO (AIMU, APRIL 1, 1991)

Notwithstanding anything to the contrary herein, it is hereby understood and agreed that this Policy shall not apply to any loss, damage or expense due to or arising out of, directly or indirectly, nuclear reaction, radiation or radioactive contamination, regardless of how it was caused. However, subject to all provisions of this Policy, if this Policy insures against fire, then direct physical damage to the property insured located within the United States, or any territory of the United States or Puerto Rico by fire directly caused by the above excluded perils, is insured, provided that the nuclear reaction, radiation, or radioactive contamination was not caused, whether directly or indirectly, by any of the perils excluded by the F.C. & S. Warranty of this Policy (Clause 52 (a) above).

Nothing in this Clause shall be construed to cover any loss, damage, liability or expense caused by nuclear reaction, radiation or radioactive contamination arising directly or indirectly from the fire mentioned above.

## 53)   GOVERNING LAW

All questions of liability arising under this Policy are to be governed by the law and customs of England, except in the United States and its territories and possessions, where the law and customs of the United States will prevail.

## 54)   PROVISIONS REQUIRED BY LAW TO BE STATED IN THIS POLICY:

This Policy is in a capital stock corporation.

**IN WITNESS WHEREOF,** this Insurance Company has executed and attested these presents; but this Policy shall not be valid unless countersigned by a duly authorized representative of the Company.

*Elizabeth M. Tuok*

Secretary

Countersigned at **CHICAGO, ILLINOIS**
this **6TH** day of **JUNE, 2005**

President

By:

Authorized Representative

Page 17

## SCHEDULE OF RATES

Attached to and forming part of Policy No. **88590C** of the AMERICAN HOME ASSURANCE COMPANY
Dated: **JUNE 2, 2005**, issued to **GREAT SOUTHERN WOOD PRESERVING, INC., ET AL**

(1) The following are the present rates of premium of this Company applying to Under Deck shipments on metal-hulled, self-propelled vessels which are not over 20 years of age nor less than 1000 net registered tons and which are classed A1 American Record or equivalent by a Member of the International Association of Classification Societies; or

(2) Vessels over 20 years of age which are approved by this Company, and which are not less than 1000 net registered tons and classed as in (1) above, but only while operating in their regular trades;

> but in either case excluding vessels built;
> (a) for service on the Great Lakes;
> (b) solely for military or naval service; or
> (c) for the carriage of dry bulk or liquid bulk cargoes, and which are more than 15 years of age,
>   unless specifically approved by this Company.

Rates to be fixed by this Company at the time of declaration of risk for shipments not specified herein in respect of which insurance is provided under the policy. Transshipments at rates to be agreed.

The rates below are subject to change on thirty (30) days notice.

VESSEL - STEAMER SHIPMENTS PER ABOVE, UNDER DECK - DIRECT.
AIRCRAFT - VIA CERTIFICATED AIRCRAFT

RATES FOR UNFURNISHED LUMBER,   SUITABLY PACKED FOR EXPORT, PER POLICY TERMS AND CONDITIONS.

RATES FROM PORTS AND OR PLACES AS BELOW TO PORTS AND OR PLACES AS BELOW;

| AT/FROM: | TO: | MARINE: |
|---|---|---|
| THE WORLD | THE WORLD | 0.09 PER $100.00 OF ANNUAL VALUES SHIPPED |

WAR AND S.R. & C.C. RATES (EXCEPT FOR AREAS OF THE WORLD "ON APPLICATION") ARE INCLUDED IN THE MARINE RATE.

DUTY, NOT COVERED.

All other terms and conditions remaining unchanged.

Dated: **JUNE 6, 2005**

By:_____
Authorized Representative

Page 18

American Institute (AIMU)

Endorsement for Open Policies (Cargo)

STRIKES, RIOTS & CIVIL COMMOTIONS (MARCH 1, 2002)

be attached to and form a part of Policy No. 88590C of the AMERICAN HOME ASSURANCE COMPANY

insuring GREAT SOUTHERN WOOD PRESERVING, INC., ET AL

### S.R. & C. C. Endorsement (Form No. 11)

THIS INSURANCE ALSO COVERS:

(1)  Physical loss of or damage to property insured directly caused by strikers, locked-out workmen, or persons taking part in labor disturbances or riots or civil commotions;

(2)  Physical loss of or damage to the property insured directly caused by vandalism, sabotage or malicious acts; and,

(3)  Physical loss of or damage to the property insured directly caused by the act or acts of one or more persons, whether or not agents of a sovereign power, carried out for political, terroristic or ideological purposes and whether any loss, damage or expense resulting therefrom is accidental or intentional; PROVIDED that any claim to be recoverable under this subsection (3) be not excluded by the F.C. & S. Warranty in the Policy to which this endorsement is attached. Notwithstanding the foregoing, coverage under this subsection (3) is conditional upon the property insured being in the ordinary course of transit and, in any event, shall terminate:

*(a)*  As per the Warehouse to Warehouse Clause, Marine Extension Clause, 60 Day South American Clause and any other clauses relating to duration of transit contained in or endorsed onto the Policy; *or,*

*(b)*  on delivery to the consignee's or other final warehouse or place of storage at the destination named herein; *or,*

*(c)*  on delivery to any warehouse or place of storage, whether prior to or at the destination named herein, which the Assured elects to use either for storage other than in the ordinary course of transit or for allocation or distribution; *or,*

*(d)*  in respect of marine transits, on the expiry of 60 days after completion of discharge overside of the property insured from the vessel at the port of discharge; *or,*

*(e)*  in respect of air transits, on the expiry of 30 days after unloading the property insured from the aircraft at the place of discharge;

whichever shall first occur.

While the property insured is at risk under the terms and conditions of this insurance within the United States of America, the Commonwealth of Puerto Rico, the U.S. Virgin Islands and Canada, this insurance is extended to cover physical loss of or damage to the property insured directly caused by acts committed by an agent of any government, party or faction engaged in war, hostilities or other warlike operations, provided such agent is acting secretly and not in connection with any operation of military or naval armed forces in the country where the described property is situated.

Nothing in this endorsement shall be construed to cover any loss, damage or expense directly or indirectly arising from, contributed to or caused by any of the following, whether due to a peril insured against or otherwise:

(a)  change in temperature or humidity;

(b)  the absence, shortage, or withholding of power, fuel, or labor of any description whatsoever during any strike, lockout, labor disturbance, riot or civil commotion;

(c)  loss of market or loss, damage or deterioration arising from delay;

(d)  hostilities, warlike operations, civil war, revolution, rebellion or insurrection, or civil strife arising therefrom, except to the limited extent that the acts of certain agents acting secretly have been expressly covered above; or,

(e)  nuclear reaction, radiation or radioactive contamination.

The Assured agrees to report all shipments attaching under this cover and to pay premiums therefore at the rates established by the Assurer from time to time.

This endorsement may be canceled by either party upon forty-eight hours written, telegraphic or telefaxed notice to the other party, but such cancellation shall not affect any risks which have already attached hereunder.

Effective with respect to shipments made on or after JUNE 2, 2005

All other terms and conditions remaining unchanged.

Dated: JUNE 6, 2005                                     By: _____

                                                            Authorized Representative

Rev. 03/02

**Page  19**

American Institute (AIMU)
WAR RISK OPEN POLICY (CARGO)
(DECEMBER 2, 1993)

**AMERICAN HOME ASSURANCE COMPANY**

NEW YORK, NEW YORK   A CAPITAL STOCK COMPANY FOUNDED 1853

THIS POLICY OF INSURANCE WITNESSETH, that in consideration of premiums as agreed to be paid, the Assurer does make insurance and cause **GREAT SOUTHERN WOOD PRESERVING, INC., ET AL** to be insured, lost or not lost, for account of whom it may concern, against War Risks only, in accordance with the terms and conditions hereinafter set forth.

To apply to shipments made on or after JUNE 2, 2005,

This Company shall not be liable hereunder for more than $2,500,000. by any one vessel.

In cases where the total value(s) at risk on any one vessel exceed(s) the limit of liability as set forth in this Policy, the Assured agrees, nevertheless, to report to the Assurer full value(s) at risk and to pay premium thereon at the agreed rates. The Assured further agrees that acceptance of such reports and premium by the Assurer shall not serve to revoke or to overrule the limit of liability set forth in this Policy; however, subject to the limit of liability, the Assurer in accepting these reports does agree to pay partial losses covered by this Policy without reduction by reason of any coinsurance which otherwise may have existed in the absence of this special agreement.

Subject to the provisions of Clause 4 of this Policy, should there be an accumulation of interests exceeding the above limit of liability by reason of any interruption of transit beyond the control of the Assured or by reason of any casualty, and/or after the interests have been discharged from the incoming overseas Vessel at an intermediate port or place for on-carriage from that or any other port or place by another overseas Vessel, and/or on the on-carrying overseas Vessel, this Policy shall attach for the full amount at risk (but in no event for more than twice the Policy limit which would be applicable to any one Vessel) provided written notice be given to this Assurer as soon as known to the Assured.

This Policy shall cover only those shipments which are insured against marine risks under Policy No. 88590C of this Company, it being agreed that the description of such shipments, the valuations thereof, the voyage, the designation of the overseas Vessel (which shall be construed to include aircraft if included under the marine policy) on which the goods are to be carried and the ports and/or places of loading and discharge, as reported under the said Policy against marine risks, shall be deemed incorporated herein. Notwithstanding the foregoing, this policy shall not cover purely domestic shipments by air between points in the United States of America (excluding Alaska and Hawaii).

Any loss payable hereunder shall be payable in funds current in the United States, to the order of Assured or Order thirty days after full proofs of loss and proofs of interest have been filed with the Assurer.

1.(a)  This insurance is only against the risks of capture, seizure, destruction or damage by men-of-war, piracy, takings at sea, arrests, restraints, detainments and other warlike operations and acts of kings, princes and peoples in prosecution of hostilities or in the application of sanctions under international agreements, whether before or after declaration of war and whether by a belligerent or otherwise, including factions engaged in civil war, revolution, rebellion or insurrection, or civil strife arising therefrom; the imposition of martial law, military or usurped power, and including the risks of aerial bombardment, floating or stationary mines and stray or derelict torpedoes. Warranted not to abandon (on any ground other than physical damage to ship or cargo) until after condemnation of the property insured.

(b)  This insurance also covers, but only while the property insured is on board a waterborne conveyance, loss of or damage to said property directly caused by governmental authorities acting for the public welfare to prevent or mitigate a pollution hazard or threat thereof, provided that the accident or occurrence creating the situation which required such governmental action would have resulted in a recoverable claim under this Policy (subject to all of its terms, conditions and warranties) if the property insured would have sustained physical loss or damage as a direct result of such accident or occurrence.

2.  Warranted free from any claim based upon loss of, or frustration of, the insured voyage or adventure caused by arrests, restraints or detainments.

3.  This insurance does not cover any loss, damage or expense directly or indirectly arising from, contributed to, or caused by any of the following,  whether due to a peril insured against or otherwise:

(a) Commandeering, preemption, requisition or nationalization by the government (defacto or otherwise) of the country to or from which the goods are insured.

(b) Seizure or destruction under quarantine, environmental or customs regulations.

(c) Delay, deterioration and/or loss of market.

(d) Nuclear reaction, radiation or radioactive contamination, regardless of how it was caused.

4. (a) The insurance against the risks enumerated in Clause 1, except the risks of floating or stationary mines and stray or derelict torpedoes, floating or submerged referred to in (b) below, shall not attach to the interest hereby insured or to any part thereof:

(i) prior to being on board an overseas Vessel (For the purpose of this Clause 4 an overseas Vessel shall be deemed to mean a Vessel carrying the interest from one port or place to another where such voyage involves a sea passage by that Vessel);

(ii) after being discharged overside from an overseas Vessel at the intended port or place of discharge,

or

after the expiry of 15 days from midnight of the day of arrival of the overseas Vessel at the intended port or place of discharge, whichever shall first occur;

(iii) after expiry of 15 days from midnight of the day of arrival of the overseas Vessel at an intermediate port or place to discharge the interest for on-carriage from that or any other port or place by another overseas Vessel, but shall reattach as the interest is loaded on the on-carrying overseas Vessel. During the said period of 15 days the insurance remains in force whether the interest is awaiting transit or in transit between the overseas Vessels.

(iv) For the purposes of this Clause 4 arrival at the intended port or place of discharge shall be deemed to mean that time when the overseas Vessel first

berths, anchors, moors of is secured in an area subject to regulation by the authorities of such port or place.

(b) The insurance against the risks of float    or stationary mines and stray or derelict torpedoes, floating    submerged, attaches as the interest hereby insured is first loaded on a lighter, craft or vessel after leaving the warehouse at point of shipment in transit for the destination declared hereunder, and ceases to attach as the interest is finally landed from the vessel, craft or lighter prior to delivery to warehouse at such destination.

(c) If the contract of affreightment is terminated at a port or place other than the destination named therein such port or place shall be deemed the intended port or place of discharge for the purpose of this Clause 4.

(d) Shipments by mail, if covered by this Policy, are insured continuously from the time of leaving the sender's premises until delivered to the place of address.

(e) Shipments by air (other than by air mail), if covered by this Policy are insured subject to the same terms and conditions as shipments by overseas Vessel.

(f) It is a condition of this insurance that the Assured shall act with reasonable dispatch in all circumstances within their control.

(g) If anything contained in this Policy shall be inconsistent with this Clause 4 it shall to the extent of such inconsistency be null and void.

5. This insurance shall not be vitiated by deviation, overcarriage, change of voyage, or by any error or unintentional omission in the description of interest, vessel or voyage, provided the same be communicated to the Assurer as soon as known to the Assured and an additional premium paid if required.

6. And in case of any loss or misfortune, it shall be lawful and necessary to and for the Assured, his or their factors, servants and assigns, to sue, labor and travel for, in and about the defense, safeguard and recovery of the said goods, and merchandises, or any part thereof, without prejudice to this insurance; nor shall the acts of the Assured or Assurers, in recovering, saving and preserving the property insured, in case of disaster, be considered a waiver or an acceptance of an abandonment; and to the charges whereof, the said Assurers will contribute according to the rate and quantity of the sum hereby insured.

7. General Average and Salvage Charges payable according to United States laws and usage and/or as per Foreign Statement and/or as per York-Antwerp Rules (as prescribed in whole or in part) if in accordance with the Contract of Affreightment.

8. It is agreed that the reports of shipments made under the Policy against marine risks mentioned above shall be deemed to be reports under this Policy also, and the Assured agrees to pay premiums on all shipments insured under this Policy at the war risk rates of the Assurer as fixed from time to time.

9. No claim shall be payable hereunder which arises from collision, contact with any fixed or floating object (other than a mine or torpedo), stranding, heavy weather or fire unless caused directly (and independently of the nature of the voyage or service which the Vessel concerned or, in the case of a collision, any other Vessel involved therein, is performing) by a hostile act by or against a belligerent power; and for the purpose of this paragraph "power" includes any authority maintaining naval, military or air forces in association with a power.

10. No recovery for a Constructive Total Loss shall be had hereunder unless the property insured is reasonably abandoned on account of its actual total loss appearing to be unavoidable, or because it cannot be preserved from actual total loss without an expenditure which would exceed its value if the expenditure had been incurred.

11. It is agreed that this Policy is a separate and wholly independent contract and is not subject to any terms or conditions of the Policy against marine risks above mentioned (whether physically attached thereto or not) except as such terms or conditions shall have been expressly incorporated herein by reference.

12. This insurance may be cancelled by either party upon forty-eight hours written, telegraphic or telefaxed notice to the other party, but such cancellation shall not affect any shipment on which this insurance has attached under the terms of Clause 4 hereof prior to the effective date of such notice. Shipments on which this insurance has not so attached but for which, prior to the effective date of such notice, bills of lading have been issued and (in the case of exports) Certificates or special policies have been issued and negotiated, shall be covered from the time of loading on the overseas Vessel, as provided in Clause 4, at the rates of the Assurer, provided that, prior to said effective date, such shipments were at the risk of the Assured and were covered under the said Policy against marine risks.

In the event of loss which may give rise to a claim under this Policy, prompt notice shall be given to this Company.

This Policy shall not be valid unless countersigned by a duly authorized representative of the Company.

*Elizabeth M. Tuck*

Secretary

Countersigned at CHICAGO, ILLINOIS
This 6TH day of JUNE, 2005

By:

President

Authorized Representative

# AIG'S
# MARINE
# FACILITIES



*Instructions for Preparing*
*Certificates of Insurance and/or*
*Special Marine Policies*

# WHAT TO DO
# IN THE EVENT OF A CLAIM

**A**

CERTIFICATE OF INSURANCE

[1] $ _____
AMOUNT INSURED



# AMERICAN HOME ASSURANCE COMPANY
### EXECUTIVE OFFICE: 70 PINE STREET, NEW YORK, NEW YORK 10270
AMERICAN INTERNATIONAL MARINE AGENCY OF

[2] ................................................................................................................19..........
PLACE                                             DATE

## This Certifies that [3]                                                                    is insured under and

subject to the Conditions of Open Policy No. [4]                    of the American Home Assurance Company, (Assurer),

in the sum of [5] .........................................................................................................................Dollars

On [6] .................................................................................................................... Under Deck

Valued at sum insured shipped per [7] ..................................................B/L Dated [8] ..............

At and from [9] ................................................................................................................

To [10] ...............................................................................................................................

Loss, if any, payable to [11] ................................................................................... or order,

upon surrender of this Certificate, which conveys the right of collecting any such loss as fully as if the property were covered by a special policy direct to the holder hereof. This Certificate is subject to all the terms of the Open Policy indicated above (hereinafter referred to as the Open Policy) provided, however, that the rights of a bona fide holder of this Certificate for value shall not be prejudiced by any terms of the Open Policy which are in conflict with the terms of this Certificate.

Any loss or damage which may happen to the property insured under this Certificate shall be reported, as soon as the goods are landed or the loss is known or expected, to the claim agent of the company, named on the back hereof, located at the port of discharge or disaster, or if there be no such agent at such port, notice shall be immediately given to the AMERICAN INTERNATIONAL MARINE AGENCY OF                    , or to the company's nearest claims settling agent.

It is agreed that the practice of English Lloyd's shall be recognized as the standard for adjusting claims under this Certificate, except in the United States and its possessions.

*Not valid unless countersigned by* [12]

Countersigned

AMERICAN HOME ASSURANCE COMPANY
A stock company organized under the laws of the State of New York

By.................................................................
Authorized Representative.

*Elizabeth M. Tuck*
Secretary.

MARKS AND NUMBERS

[13]

Approved Goods and Merchandise,
Except while on deck of ocean vessel subject to an on deck bill of lading:
Against all risks of physical loss or damage from any external cause, irrespective of percentage, but excluding those risks excepted by the F.C. & S. Capture and Seizure and Strikes, Riots and Civil Commotions warranties, unless otherwise specially noted hereon.
While on deck of ocean vessel subject to an on deck bill of lading:
Warranted free of particular average unless caused by the stranding, sinking, burning or collision of the vessel; but to pay the insured value of any merchandise or goods jettisoned or washed overboard, irrespective of percentage.

[14]

This insurance attaches from the time the goods leave the warehouse or store at the place named herein for the commencement of the transit and continues during the ordinary course of transit, including customary transhipment, if any, until the goods are discharged overside from the overseas vessel at the final port. Thereafter the insurance continues whilst the goods are in transit or awaiting transit until delivered to final warehouse at the destination named herein or until the expiry of 15 days (or 30 days if the destination to which the goods are insured is outside the limits of the port) whichever shall first occur. The time limits referred to above to be reckoned from midnight of the day on which the discharge overside of the goods hereby insured from the overseas vessel is completed. Held covered at a premium to be arranged in the event of transhipment, if any, other than as above and/or in the event of delay in excess of the above time limits arising from circumstances beyond the control of the Assured.
NOTE: It is necessary for the Assured to give prompt notice to the Assurer when it becomes aware of an event for which it is "held covered" under the Certificate and the right to such cover is dependent on compliance with this obligation.
This insurance is subject to the following American Institute Cargo Clauses (1949):
1. Deviation                    3. Labels                    5. Constructive Total Loss                    7. Shore Clause                    9. F.P.A.
2. Inchmaree                    4. General Average                    6. Bill of Lading                    8. Warehousing & Forwarding Charges
    When the property insured under this Certificate includes a machine, article, interest or set consisting of several parts, the Assurer shall be liable for the proportion of the insured value of the part lost or damaged, or at the Assured's option, for the cost and expense, including labor and forwarding charges, of replacing or repairing the lost or damaged part; but in no event shall the Assurer be liable for more than the insured value of the complete machine, article, interest or set.
    Whenever the words "ship", "vessel", "seaworthiness", "ship-owner", or "vessel-owner" appear, they are deemed to include also the words "aircraft", "air-worthiness", "aircraft owner" subject, however, to the Limit of Insurance and Conveyances clauses of the Open Policy.
    The risks covered by this insurance include the risk of explosion, howsoever or wheresoever occurring during the currency of this insurance, unless excluded by the F.C. & S. warranty or the S.R. & C.C. warranty as set forth in the "Free of Capture and Seizure" warranty and the "Free of Capture and Seizure" warranty incorporated in the conditions of the Open Policy.
    This insurance is subject to the "Free of Capture and Seizure" warranty incorporated in the conditions of the Open Policy.
    Warranted free of loss or damage caused by or resulting from strikes, lockouts, labor disturbances, riots, civil commotions or the acts of any person or persons taking part in any such occurrence or disorder.
    In the event of claim under this insurance for loss of or damage to merchandise or goods upon which there is a normal or usual loss, it is hereby mutually agreed that the claim shall be adjusted and the insured value of the part or parts lost or damaged shall be arrived at in the adjustment of the claim on the basis of expected outturn, whether or not the deduction of normal loss be provided in this insurance or be a trade custom.
    In case any agreement has been made or accepted by the Assured with any carrier or bailee by which it is stipulated that such or any carrier or bailee shall have, in case of any loss for which the carrier or bailee may be liable, the benefit of this insurance or exemption in any manner from responsibility grounded on the fact of this insurance, then and in that event the Assurer shall be discharged of liability for such loss hereunder.
    It is a condition precedent to any action, suit or proceedings for the recovery of any claim upon, under or by virtue of this insurance that such action, suit or proceedings shall be commenced within twelve (12) months next after the date of the accident, disaster, or event causing loss of, or damage to, the insured goods or giving rise to a claim for sue and labor expenses or, in case of a claim for general average contribution, salvage or special charges, next after the date of actual payment thereof by the Assured.
    Shipments to South America subject to 60 days South American Clause.
This insurance is subject to the Marine Extension Clauses of the Open Policy.
This insurance subject to the following current American Institute Clauses:
    Both to Blame Clause and Nuclear Exclusion Clause-Cargo.
When covered in conjunction with the Open Policy this insurance is subject to:
    current American Institute S.R. & C.C. Endorsement,
    current American Institute War Risk Open Policy (CARGO).

53292 (8/95)

# Instructions for Preparing Certificates of Insurance and/or Special Marine Policies

## Certificate of Insurance

Upon request, a supply of Certificates of Insurance and/or Special Marine Policies will be provided. Each certificate will consist of:

◆ an "Original" and several copies

**OR**

◆ an "Original", "Duplicate" and several copies

## Distribution of the Certificate

◆ *Original & Duplicate:* Accompany the shipping papers sent to the consignee's bank or other designated party.
◆ *Copy 1:* Sent to the AIG Marine office that issued the policy.
◆ *Copy 2:* Sent to the agent/broker for record keeping purposes.
◆ *Copy 3:* Retained by the Insured for record keeping purposes.

The AIG Marine copy can be sent to the agent/broker for forwarding or directly to the AIG Marine office servicing the account.

## Completing the Certificate of Insurance

A sample Certificate appears on the opposite page with numbers that correspond to the instructions outlined below:

1. *Amount Insured*
   The first step in preparing the Certificate of Insurance is the calculation of the **Insured Value** of the cargo to reflect the terms and conditions of sale as indicated by the commercial invoice. To do this, the invoice cost and all invoice and freight charges must be identified. Total all charges with the exception of the insured advance (see the Valuation Clause in the policy) and the marine premium, then add the advance indicated. In the example below we are assuming an insured advance of 10%.

   | | |
   |---|---:|
   | Value of Merchandise | $25,000 |
   | Rail Freight | 400 |
   | Ocean Freight | 800 |
   | Various Fees | 200 |
   | Freight Forwarding Packing Costs | 1,000 |
   | | $27,400 |
   | | |
   | Plus Advance of 10% (27,400 x 10%) | 2,740. |
   | *Total Sum Insured* | $30,140. |

2. *Place and Date of Issuance*
   Enter the place of certificate issuance (City and State) and the date of certificate issuance.

3. *Company Name*
   Enter the name of the Insured if it has not been pre-printed on the Certificate.

4. *Open Policy Number*
   Enter the Policy Number as it appears on the Declarations Page if it has not already been pre-printed.

5. *Insured Value*
   Enter the Insured Value of the cargo as calculated in Instruction 1, using words instead of numbers as in the body of a check.

6. *Shipment Description*
   Enter the description of merchandise, total number of packages and method of container usage; i.e. Door-to-Door, Pier-to-Door, Pier-to-Pier, etc. (Example: 8,000 cartons of auto parts in 2 Door-to-Door containers).

7. *Vessel Name*
   Enter the name of the vessel or airline. If the shipment is strictly overland *and* covered by the cargo section of the policy, enter the land conveyance.

8. *Bill of Lading Date*
   Enter the date on which the Bill of Lading was issued.

9. *Voyage From*
   Enter the place where inland transportation begins. If the shipment route is not clear, enter the place of vessel (aircraft) departure.

10. *Voyage To*
    Enter the place of ultimate destination where the consignee takes delivery. If this is not clear, enter the place of arrival.

11. *Loss, if Any, Payable To*
    Enter "Assured" if any part of transit is at the risk of the Insured. If the terms of sale are "FOB point of shipment", enter the consignee's name. When ownership transfers, the certificate/special marine policy can be endorsed by signing the reverse side of the **Original** and **Duplicate** copies.

12. *Company Name*
    Enter the name of the Insured. The **Original** and **Duplicate** copies are then signed by a duly authorized official of the Insured. Because of the negotiable nature of the certificate, it is suggested the authorized signature be that of an owner or officer of the company.

13. *Marks and Numbers*
    Enter any applicable Marks and Numbers that correspond to those indicated on the Bill of Lading, Commercial Invoice and Packing List. This information will help insure prompt and efficient claims handling.

14. *Special Conditions*
    If applicable, enter any optional coverages which were purchased as part of the Ocean Marine Insurance Policy; i.e., War Risk, Duty, Special Trade Terms, etc.

# WHAT TO DO
# IN THE EVENT OF A CLAIM

In the event of loss or damage, report same immediately and arrange for a survey with the Assurer's Claim or Settling Agent at the port of discharge or destination. Should there be none at or near such port, the consignee should apply to the nearest correspondent of the American Institute of Marine Underwriters, and if there is none, to the accredited representative of Lloyd's, London. Request the agent or representative to hold a survey and issue a certificate stating the cause, nature and extent of the loss or damage as well as the market value of the merchandise involved had it arrived in sound condition.

A claim must be filed in writing against the agents of the vessel owners or other carriers, and if possible, before removing the goods from their custody. Failure to do this may nullify your right to claim under your insurance.

If claim is presented abroad, the exchange rate is to be fixed by agreement at the current rate on the date of settlement. The Assured has the option to collect claim (if any) under the Certificate of Insurance at the office of AMERICAN INTERNATIONAL MARINE AGENCY OF NEW YORK, INC., New York, AIG EUROPE (UK) LTD., Croydon, or any other Settling Agent of the Assurer upon presentation of the Certificate duly endorsed.

When presenting a claim under the Certificate of Insurance the following documents must be included:

1. Copy of Commercial Invoice
2. Signed copy of Bill of Lading
3. Original Certificate of Insurance
4. Copy of claim against carrier and reply thereto
5. Original Survey Report
6. Nature of receipt given to vessel on delivery.

**American International Underwriters Corporation
& our allied company
American International Marine Agency**

**Executive Offices:
70 Pine Street
New York, NY 10270
www.aigonline.com/mc**

 **A Member Company of
American International Group, Inc.**

63719 AMS2.5M 8/99