**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| GREAT SOUTHERN WOOD PRESERVING, INC. | ) ) ) | |
|     Plaintiff, | ) ) | |
| vs. | ) ) ) | CV: 1:06CV708 |
| AMERICAN HOME ASSURANCE COMPANY; AIG; AMERICAN INTERNATIONAL UNDERWRITERS CORPORATION; AMERICAN INTERNATIONAL MARINE AGENCY | ) ) ) ) ) ) | |
| Defendants | ) | |

<u>**ANSWER OF AMERICAN HOME ASSURANCE COMPANY,**</u>
<u>**AIG, AMERICAN INTERNATIONAL UNDERWRITERS CORPORATION,**</u>
<u>**AMERICAN INTERNATIONAL MARINE AGENCY TO COMPLAINT OF**</u>
<u>**GREAT SOUTHERN WOOD PRESERVING, INC.**</u>

COME NOW, the Defendants, American Home Assurance Company, AIG, American International Underwriters Corporation, and American International Marine Agency (hereinafter "Defendants"), by and through its undersigned counsel, responds to the Complaint of Great Southern Wood Preserving, Inc., as follows:

<u>**PARTIES**</u>

1.    Defendants are without sufficient information to admit or deny the allegations contained in this paragraph and, therefore, denies all said allegations.

2.    Defendants admit that American Home Assurance Company is a corporation which is organized under the laws of and maintains its principal place of business in a state other than Alabama.

3.    Defendants deny that "AIG" is a corporate entity.

- 1 -

4.     Defendants admit that American International Underwriters Corporation is a corporation which is organized under and maintains its principal place of business in a state other than Alabama.

5.     Defendants admit that American International Marine Agency is a corporation which is organized under and maintains its principal place of business in a state other than Alabama.

## JURISDICTION AND VENUE

6.     Defendants are without sufficient information to admit or deny the allegations of this paragraph of the complaint and, therefore, all said allegations are denied.

7.     Defendants are without sufficient information to admit or deny the allegations of this paragraph of the complaint and, therefore, all said allegations are denied.

8.     Defendants are without sufficient information to admit or deny the allegations of this paragraph of the complaint and, therefore, all said allegations are denied.

## FACTUAL ALLEGATIONS

9.     Defendants admit that American Home Assurance Company issued a marine open cargo policy No. 88590C to Plaintiff, but are without sufficient information to admit or deny the remaining allegations of this paragraph of the complaint and, therefore, all said allegations are denied.

10.     Denied.

11.     To the extent this paragraph alleges that the policy covered any losses or damage to the goods and/or merchandise which were the subject of the claims made herein, said allegations are denied.

12.     To the extent this paragraph alleges that the policy covered any losses or damage to goods and/or merchandise which were the subject of the claims made herein, said allegations are denied.

13.     To the extent this paragraph alleges that the policy covered any losses or damage to goods and/or merchandise which were the subject of the claims made herein, said allegations are denied.

14.     Admitted.

15.     Defendants are without sufficient information to admit or deny the allegations of this paragraph of the complaint and, therefore, all said allegations are denied.

16.     Defendants are without sufficient information to admit or deny the allegations of this paragraph of the complaint and, therefore, all said allegations are denied.

17.     Denied.

18.     Defendants are without sufficient information to admit or deny the allegations of this paragraph of the complaint and, therefore, all said allegations are denied.

19.     Defendants are without sufficient information to admit or deny the allegations of this paragraph of the complaint and, therefore, all said allegations are denied.

20.     Denied.

**COUNT ONE**

21.    Defendants adopt and incorporate by reference the preceding paragraphs 1-20 of its Answer.

22.    Defendants admit that a policy of insurance existed between Plaintiff and Defendants.  To the extent this paragraph alleges that the policy covered losses or damages to goods and/or merchandise which were the subject of the claims made herein, said allegations are denied.  As to the remaining allegations Defendants are without sufficient evidence to admit or deny the allegations of this paragraph of the complaint.

23.    Denied.

24.    Denied.

**COUNT TWO**

25.    Defendants adopt and incorporate by reference the preceding paragraphs 1-24 of its Answer.

26.    Defendants admit that a policy of insurance existed between Plaintiff and Defendants.  As to the allegations "at all times relevant to this action," Defendants are without sufficient evidence to admit or deny said allegation.

27.    Denied.

28.    Denied.

29.    Denied.

30.    Denied.

31.    Denied.

## AFFIRMATIVE DEFENSES

1.     Under the terms of the insurance policy at issue, Plaintiff is not entitled to coverage for the damages claimed.

2.     Plaintiff's damages, if any, were due to a loss excluded under the insurance policy at issue.

3.     Plaintiff has failed to meet conditions precedent to recovery under the policy.

4.     Plaintiff has breached one or more warranties under the subject policy.

5.     Plaintiff's claim is barred by its failure to give timely notice of the loss.

6.     Plaintiff's claim is barred by its spoliation of the evidence.

7.     Plaintiff's claim is barred by waiver and/or estoppel.

8.     Plaintiff has failed to mitigate its damages.

9.     Venue is improper.

10.     Defendant pleads insufficiency of process and/or service of process.

11.     Defendant denies that it has been guilty of any conduct that would support an award of punitive damages.

12.     Any award of punitive damages in this case would be in violation of the constitutional safeguards provided to Defendant under the *Constitution of Alabama*.

13.     Any award of punitive damages in this case would be in violation of the constitutional safeguards provided to Defendant under the *Constitution of the United States*.

14.     The punitive damages sought are in excess of comparable maximums established for criminal fines by the Alabama Legislature in '' 13A-5-11 and 13A-5-12, Code of Ala. (1975), jointly and separately.

15.     Each claim for punitive damages, on its face and/or as applied in this case, is in violation of the Fifth Amendment of the *Constitution of the United States*; of the right to counsel provided by the Sixth Amendment of the *Constitution of the United States*; of the right to trial by jury of the Seventh Amendment of the *Constitution of the United States*; of the proportionality principles contained in the Eighth Amendment of the *Constitution of the United States*; the Due Process Clause of the Fourteenth Amendment of the *Constitution of the United States*; and Article 1, Sections 1, 6, 9, 11, 13, 15, and 35 of the *Constitution of Alabama*, and is improper under the common law and public policies of the State of Alabama and under applicable court rules and statutes for the following reasons, jointly and separately:

(A)     The standards provided by Alabama law for the imposition of punitive damages are insufficiently specific, and therefore, the defendant has not been put on notice and given the opportunity to anticipate punitive liability and/or the potential size of an award and to modify or conform its conduct accordingly;

(B)     The procedures to be followed permit an award of punitive damages upon the satisfaction of a burden of persuasion (standard of proof) less than that applicable to the imposition of criminal sanctions for equal culpability;

(C)     The procedures to be followed permit the award of multiple punitive damages for the same act or omission;

(D)     There are insufficient provisions or standards for clear and consistent appellate review of any award of punitive damages under present Alabama law;

(E)     The standards of conduct upon which punitive damages are sought are vague and ambiguous;

(F)     The procedures used by Alabama courts and the guidelines given to the jurors, jointly and separately, are vague and ambiguous;

(G)     The procedures used by Alabama courts and guidelines given to jurors, jointly and separately, are vague and ambiguous and, thus, impermissibly allow jurors broad, unlimited, and undefined power to make determinations based on their notions of what the law should be instead of what it is;

(H)     The procedures under which punitive damages are awarded and instructions used in Alabama courts, jointly and separately, are vague and ambiguous and, thus, fail to eliminate the effects of, and to guard against, impermissible juror passion;

(I)     Present Alabama law does not provide for sufficiently objective and specific standards to be used by the jury in its deliberations on whether to award punitive damages and, if so, on the amount to be awarded;

(J)     Present Alabama law does not provide a meaningful opportunity for challenging the rational basis for, and any excessiveness of, any award of punitive damages;

(K)     Present Alabama law does not provide for adequate and independent review by the trial court and the appellate court of the imposition of punitive damages by a jury or of the amount of any punitive damages awarded by a jury;

(L)     The present Alabama procedures fail to provide a constitutional and reasonable limit on the amount of any punitive award against this defendant;

(M)     The present Alabama procedures permit the imposition of joint and several judgments against multiple co-defendants for different acts or degrees of wrongdoing or culpability;

(N)     An award of punitive damages provides compensation for elements of damage not otherwise recognized by Alabama law.

(O)     Present Alabama procedures permit awards of punitive damages that constitute excessive fines.

(P)     An award of punitive damages in this case would permit punishment other than by virtue of a law established and promulgated prior to the alleged offense in this case.

(Q)     The present Alabama procedures fail to require any rational, objective or logical relationship between either the award of or the amount of punitive damages awarded and the alleged conduct of the Defendant or the compensatory damages awarded to the Plaintiff, if any.

16.     The imposition of punitive damages deprives this defendant of the right to equal protection under the laws provided in the Fifth and Fourteenth Amendments of the *Constitution of the United States* and in Article 1, Sections 1 and 6, of the *Constitution of Alabama* of 1901 for the following reasons, jointly and separately:

(A)     Punitive damages are sought in excess of the respective maximums established by the Alabama Legislature in '' 13A-5-11 and 13A-5-12,

*Code of Ala.* (1975), jointly and separately, whereas those charged under the Criminal Code for similar or identical culpability have the benefit of the cited code provisions;

(B)     The procedures to be followed permit the awarding of punitive damages upon the satisfaction of a burden of persuasion (standard of proof) less than the applicable standard in criminal cases for criminal sanctions involving similar or identical levels of culpability;

(C)     The absence of sufficiently specific and objective standards for the imposition of punitive damages fails to insure the equality of treatment between and among similarly situated civil defendants;

(D)     Punitive damages are penal in nature, and the Defendant, without procedural protections, is compelled to disclose documents and/or other evidence without constitutional safeguards against self-incrimination whereas persons charged under criminal provisions for acts or omissions of similar culpability are protected from being compelled to disclose documents and/or other evidence by constitutional procedures and safeguards available in criminal cases.

(E)     The assessment and adjudication against this defendant of any punitive damages other than those measured according to its sole, individual conduct would be improper and impermissible.

17.     The imposition of punitive damages in this case is unconstitutional under the due process clause of the Fourteenth Amendment of the *Constitution of the United States* for the following reasons, jointly and severally:

(A)     The punitive damages sought in this case are vastly disproportionate to the actual damages allegedly sustained by the plaintiffs;

(B)     The imposition of punitive damages in this case constitutes an arbitrary and capricious taking of the defendant's property with no rationally stated purpose; and

(C)     Allowing a jury to award punitive damages with unfettered discretion is inconsistent with due process.

18.     The imposition of punitive damages in this case is unconstitutional under the Fifth and Fourteenth Amendments of the *Constitution of the United States* and Article 1, Sections 5 and 6 of the *Constitution of Alabama* because punitive damages are penal in nature, and the defendant is compelled to disclose documents and/or other evidence without constitutional safeguards against self-incrimination.

19.     Present Alabama punitive damages procedures allow the jury to punish defendants for conduct occurring outside of the state constituting unlawful state regulation of Interstate Commerce and violation of the Interstate Commerce Clause of the *Constitution of the United States*.

20.     Plaintiff's claim for punitive damages is barred to the extent that it seeks the admission into evidence of defendant's financial worth in determining the amount of punitive damages to be awarded because punitive damages are a form of punishment grounded in Defendant's status rather than specific misconduct and, thus, have the effect of treating classes of citizens unequally in violation of the equal protection clause of the Fifth and Fourteenth Amendments of the *Constitution of the United States* and Article I, Sections 1, 6, 13 and 22 of the *Constitution of Alabama*.

21.    The imposition of punitive damages in this case is unconstitutional under the due process clause of the Fourteenth Amendment of the *Constitution of the United States* because the standards for such damages are vague and ambiguous and are not rationally related to any legitimate government interest.

22.    The imposition of punitive damages in this case is an unconstitutional deprivation of property without the due process of law guaranteed by the Fifth and Fourteenth Amendments of the *Constitution of the United States* and Article 1, Section 6 of the *Constitution of Alabama*.

23.    Any award of punitive damages to the Plaintiff in this case would be in violation of Article 1, Section 10, Clause 1 of the *Constitution of the United States* and Article 1, Section 22 of the *Constitution of Alabama* prohibiting laws which impair the obligation of contracts.

24.    The imposition of punitive damages in this case violates the double jeopardy clause of the Fifth Amendment of the *Constitution of the United States* as incorporated into the Fourteenth Amendment of the *Constitution of the United States*.

25.    Any award of punitive damages cannot exceed the maximum award allowed pursuant to Alabama Code 6-11-21.

26.    Plaintiff cannot recover for mental pain and suffering, emotional distress, or similar damages, if any, in that there is not fixed, objective and/or clear and consistent standard under Alabama law for ascertaining the amount thereof, such that any award of said damages against Defendant would violate the Fifth and Fourteenth Amendments to the *Constitution of the United States* and Article I, Section VI of the *Constitution of Alabama*, which prohibit deprivation of life, liberty, or property, except by due process.

*s/Blane H. Crutchfield*
BLANE H. CRUTCHFIELD (CRUTB4243)
Attorney for Defendants
American Home Assurance Company, AIG,
American International Underwriters Corporation,
American International Marine Agency

OF COUNSEL:

HAND ARENDALL, L.L.C.
P. O. Box 123
Mobile, AL 36601-0123
Tel:  (251) 432-5511
Fax:  (251) 694-6375
bcrutchfield@handarendall.com

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 12th day of September, 2006, electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Kenneth A. Dowdy
*kad@lusklaw.com*

Leslie Ann Caldwell
*lac@lusklaw.com*

*s/Blane H. Crutchfield*
BLANE H. CRUTCHFIELD (CRUTB4243)

527496_1