# MINUTES

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA SOUTHERN, DIVISION

| | | |
|---|---|---|
| **HON. CHARLES S. COODY, MAG. JUDGE** | **AT** | **MONTGOMERY, ALABAMA** |
| **DATE COMMENCED:** 8/14/07 | **AT** | 11:00 A.M. TO 11:32 A.M. |
| **DATE COMPLETED:** 8/14/07 | | **FTR Recorded** |

GREAT SOUTHERN WOOD PRESERVING INC.
    Plaintiff

vs..

AMERICAN HOME ASSURANCE CO. et al.

    Defendant

CASE NO. 1:06CV-708-CSC

---

| PLAINTIFF | APPEARANCES: | DEFENDANT |
|---|---|---|
| Atty. Kenneth Dowdy | | Atty. Blane H. Crutchfield |
| | | Atty. Louis C. Novell |

### COURT OFFICIALS PRESENT:

| | |
|---|---|
| COURTROOM DEPUTY: WANDA STINSON | LAW CLERK: WYNN D ALLEN |

( X ) OTHER PROCEEDINGS:  *ORAL ARGUMENT re: MOTION FOR SUMMARY JUDGMENT*

# SEE MINUTES ATTACHED

| **LOG OF PROCEEDINGS ELECTRONICALLY RECORDED** |
|---|---|---|
| **Description** | \multicolumn{2}{l}{06cv708-CSC - Oral Argument re: Motion for Summary Judgment} |
| **Date** | 8/14/2007 | **Location** Courtroom 4B |
| **Time** | **Speaker** | **Note** |
| 11:00:32 AM | Court | Court convenes ; partes present as noted; Discussion as to whether the lumber, the wood had reached it's final destination; |
| 11:01:30 AM | Atty. Dowdy | Response; |
| 11:02:05 AM | Court | Discussion as to whether it was in transit or whether it reached it' destination; |
| 11:02:15 AM | Atty. Dowdy | Response; contention is that the warehouse clause of the policy extends coverage when it's in the warehouse at gulf port in Mississippi; |
| 11:02:31 AM | Court | How does it do that? |
| 11:02:34 AM | Atty. Dowdy | Response; |
| 11:02:45 AM | Court | Why is it still in transit; |
| 11:02:49 AM | Atty. Dowdy | Response - as to the definition of final destination is not in the policy and the destination is never placed any where in the policy; |
| 11:02:59 AM | Court | Even though the policy saids it's supposed to be; Was that your client's responsibility? |
| 11:03:11 AM | Atty. Dowdy | I don't know that it was; |
| 11:03:15 AM | Court | Discussion of a marine open insurance policy; |
| 11:04:19 AM | Atty. Dowdy | Response; |
| 11:04:25 AM | Court | How did the insurer know what was being covered? |
| 11:04:33 AM | Atty. Dowdy | Response; |
| 11:05:11 AM | Court | Discussion as to person who drafted contract would know where the final destination was; How is the policy drafter gonna know where? |
| 11:05:40 AM | Atty. Dowdy | I don't know; the underwriting portion of it, they wouldn't know; |
| 11:05:58 AM | Court | Response; |
| 11:06:31 AM | Atty. Dowdy | Think my client would in the best position to know where that particular of wood is going to go; and also think that my client gets to choose where the location is; |
| 11:07:04 AM | Court | Discussion of the declaration page on the policy; |
| 11:07:24 AM | Atty. Dowdy | Response - arguing that one part of the coverage does say no coverage for domestic transit, the other part saids and the coverage continues until it gets to the final warehouse; There is conflict in the provision of the 2 policies; |
| 11:07:45 AM | Court | Discussion of purpose of a marine open insurance policy is to cover goods in transit on ship; We are dealing with the warehouse to warehouse clause; |
| 11:08:56 AM | Atty. Dowdy | Response; |
| 11:09:43 AM | Court | Why doesn't lumber and wood products apply and resolve this case?; |
| 11:09:50 AM | Atty. Dowdy | Response; |
| 11:10:38 AM | Court | Discussion of time limit; Discussion of Mr. Golf testified that from the time the lumber got there it was under his control; |

| | | |
|---|---|---|
| 11:11:14 AM | Atty. Dowdy | Response; |
| 11:11:50 AM | Court | The first load you had moved almost 75 percent off the dock; |
| 11:11:51 AM | Atty Dowdy | 72%, we had moved the majority of that; |
| 11:12:20 AM | Court | Response; Discussion of what law to apply; |
| 11:13:17 AM | Atty. Norvell | Response; |
| 11:14:43 AM | Court | Discussion of clauses in martitime law; Discussion of applying Alabama law; |
| 11:15:48 AM | Atty. Novell | Response; |
| 11:17:06 AM | | |
| 11:17:07 AM | Court | Do you agree that there is no facts in disputes?; |
| 11:17:10 AM | Atty. Dowdy | Response - I do; |
| 11:17:22 AM | Court | Response; |
| 11:17:27 AM | Atty. Dowdy | We do have a complete disagree as to what the facts mean as to the insurance; |
| 11:17:35 AM | Court | Discussion of applying facts to the policy as construed by the court; |
| 11:18:18 AM | Atty. Norvell | Response; |
| 11:20:53 AM | Court | Your view is that lumber and wood products saids that in transit means up to the point where the goods come under the possession and control of the owner?; |
| 11:21:10 AM | Atty. Norvell | Response - that is consistent with the case law; |
| 11:22:55 AM | Court | How does it matter that USDA had not cleared the goods at the second shipment at the time they were delivered to the dock?; |
| 11:23:09 AM | Atty. Norvell | Response - don't think that makes a difference; |
| 11:23:11 AM | Court | Why not?; |
| 11:23:11 AM | Atty. Norvell | Response; |
| 11:23:19 AM | Court | What could Great Southern do with that wood? |
| 11:23:21 AM | Atty. Novell | My question to Mr. Golf was who was in possession of the cargo; |
| 11:24:01 AM | Court | Response; |
| 11:24:08 AM | Atty. Novell | Control is probably a bad term to use; You have control of the goods from the stand point it has been delivered to you; |
| 11:25:49 AM | Court | Discussion of the shipment or movement of the lumber from the warehouse to Abbeville or wherever it was going was done by your trucks; |
| 11:25:59 AM | Atty. Dowdy | Correct; |
| 11:26:04 AM | Court | What doesn't that simple fact resolve this case?; |
| 11:26:14 AM | Atty. Dowdy | Response; |
| 11:26:54 AM | Court | What's your view about what law applies here? |
| 11:26:54 AM | Atty. Dowdy | Response; Agrees that Merit time law covers the issue, but when you are interpreting the policy of insurance it should be interpreted under Alabama law; |
| 11:27:15 AM | Court | Response; |
| 11:27:42 AM | Atty. Dowdy | Discussion as to case law cited; Discussion of the warehouse to warehouse policy; |

| 11:28:38 AM | Court | Discussion as to all shipments would go to Abbeville, or different places and different plants based on their inventory level; |
| 11:28:59 AM | Atty. Dowdy | Response; |
| 11:29:40 AM | Atty. Novell | Addresses the court; |
| 11:32:02 AM | Court | Court is recessed; |
| | | |